HODGE v. WEEKS.

1. A deed absolute on its face will not be declared a mortgage, unless such an intention on the part of the parties is made clearly to appear from the facts and circumstances of the transaction.

2. From the terms of a deed which acknowledged the payment of the consideration, and contained a clause of general warranty, and from the possession and use of the land by the grantee for ten years without question, or anything being said about a debt, this court concurred with the Circuit Judge in finding that this deed, although based upon an inadequate consideration, was not intended to operate as a mortgage, but was accompanied with a verbal agreement, afterwards reduced to writing and lost, that the grantee would reconvey to the grantor on the repayment of the purchase money with interest and taxes.

3. Specific performance of a contract to convey lands, refused, where the contract itself is lost, and the action was not instituted until more than ten years after the date of the contract and very soon after the death of the other party, no demand therefor being made in the meantime.

Before PRESSLEY, J., Clarendon, October, 1888.

This action was commenced between June 1 and October 1 of 1888.  The opinion states the case.

*Messrs. M. C. Galluchat* and *Charles Boyle,* for appellants.

*Mr. John S. Wilson,* contra.

July 6, 1889.   The opinion of the court was delivered by

.  Mr. Justice McGowan.   On March 8, 1877, A. O. Hodge and his wife, H. J. Hodge, united in conveying a tract of pine land in the County of Clarendon, containing 277 acres, more or less, to James D. Weeks.  The deed was in the usual form, in consideration "of $150 paid," with general warranty, and was regularly recorded March 17, 1877.  The donee, James D. Weeks, took possession and held and used it as his own until April 26, 1887, when he died, leaving a will, by which he devised the land to his widow, Elizabeth Weeks, and his children, Amanda C. Weeks, Glovender B. Weeks, and John W. Weeks, the last named of whom was executor of the will.

Soon after the death of James D. Weeks, leaving his wife and children in possession of the land, A. O. Hodge and his wife brought this action against them, alleging that the aforesaid deed was not intended to be absolute, but in fact a mortgage ; that at the time it was executed no money was paid, but the consideration of $150, expressed as "paid," was a note which the plaintiff, A. O. Hodge, owed James D. Weeks for money previously borrowed from him, and that the deed was made on the distinct understanding "that upon the payment to the said James D. Weeks of the note for $150, and the interest that might be due thereon and the taxes paid on the land by the said Weeks, that he would reconvey the said land to the plaintiffs ;" which agreement or defeasance the said James D. Weeks, a few days after the deed was delivered, did execute and deliver to the plaintiffs in writing, duly signed in the presence of two witnesses ; that in June, 1888, the plaintiffs, in accordance with said agreement, tendered the principal and interest on the $150 note, and the taxes paid on the land ; and their complaint demanded judgment that the said deed be declared to be a mortgage, that an account should be

taken, and that upon the payment of the amount due, the plaintiffs should have the right to redeem, &c.

The cause came on to be heard by Judge Pressley, and all the evidence is in the Brief. There was evidence tending to show that no money passed at the time the deed was executed; that at that time the land was worth much more than the $150 note, probably three or four times as much; that when the deed was executed, James D. Weeks verbally promised that he would reconvey the land to the plaintiffs, when they should pay him the purchase money and interest on $150 and the taxes; and, in a few weeks after, he did sign and deliver an agreement to that effect at the house of plaintiff in the presence of two witnesses, H. S. Briggs and I. S. Hodge, but that said paper was never recorded, and is now lost, so that it cannot be produced. There was some evidence as to the value of the turpentine lands per year, but from the view the court takes, it will not be necessary to consider that subject.

The Circuit Judge held as follows: "A. O. Hodge assigns no reason for his long delay to seek from J. D. Weeks in his lifetime performance of his said contract. He says he was not able to do so, but does not say why he did not raise the money for that purpose on the land now sought, nor does he say that he has any other means now of raising the amount. The above facts reduce the question before me to one of enforcing specific performance of a lost contract, made more than eleven years before the court is asked to enforce it, and that after the death of the person who made it more than ten years before his death. Though well satisfied that the plaintiffs did not receive half the value of their land, and therefore being very reluctant to refuse them relief, yet I find no case or legal authority which would justify that relief, after such gross negligence and long delay, to apply either to the other party or to the court for performance of the contract; and whilst in this case I might stretch my discretion to relieve hardships, yet the result would most certainly be mischievous in its tendency to promote and stir up endless litigation and stale claims. It is best, as a general rule, to keep all persons impressed with the doctrine that they must not sleep too

long upon their rights. The complaint is dismissed without costs," &c.

The plaintiffs appeal to this court upon the following grounds:

"1. Because his honor erred in finding as a matter of fact that 'at the time of the execution of the deed (by the plaintiffs) that Weeks (the defendant's testator) promised the plaintiffs that he would reconvey the said land to them when they should pay him the purchase money ; when he should have found that the said Weeks promised to reconvey the said land when the plaintiffs paid back the money that they had borrowed from him, namely $150, with interest thereon and the taxes paid.'

"2. Because his honor erred in finding that the transaction was an absolute conveyance to Weeks by Hodge and his wife, and a written obligation by Weeks to reconvey the land to them when they should repay the $150 and interest and taxes ; when his honor should have found, in addition, that the said transaction was for the purpose of securing the payment to Weeks of the $150 that Hodge and his wife had borrowed from him.

"3. That his honor erred in stating as a conclusion of law that the facts in the case reduced the question before him to one of enforcing specific performance of a lost contract; when he should have found from the facts, as developed by the testimony, that the question before him was, whether the deed given by Hodge and his wife, and the agreement given them by Weeks, taken together, constituted a mortgage to secure the payment of the money Hodge and his wife had borrowed from Weeks.

"4. That his honor erred in not finding as a matter of fact that Hodge and his wife had borrowed from Weeks $150, and that in consideration thereof conveyed the said land to Weeks, and that Weeks gave them an agreement to reconvey the land upon the payment of the $150, with interest and taxes.

"5. That his honor erred in not decreeing that the said deed given by Hodge and his wife to Weeks, together with the agreement given them by Weeks, taken together constituted a mortgage to secure the payment of the $150 Weeks had loaned Hodge and his wife, with the interest and taxes.

"6. That his honor, having found that plaintiffs had not received half the value of the land, and that at the execution and

delivery of the deed no money was seen by the persons present to have been paid, and the evidence showing that the plaintiffs were indebted to the grantee in the sum of $150, and the plaintiffs testifying that the deed was given to secure the repayment of the money borrowed, with the understanding given in writing in the lost paper, that the land would be reconveyed to himself upon the payment as aforesaid—that his honor erred in not decreeing that the whole transaction amounted to a mortgage.

"7. That his honor should have decreed that the plaintiffs were entitled to an accounting from the defendants for the rents and profits of the land, and that the plaintiffs were entitled to deduct from the amount due to the defendants an account of the $150 borrowed and the interest and costs as aforesaid, whatever amount was due by the defendants to the plaintiffs for said rents and profits of the land, and that upon a payment by the plaintiffs of any amount that may have been found due them upon such accounting, that the defendants do reconvey said land to the plaintiffs, their heirs and assigns forever," &c.

It is obvious that the principal point made by the appellant is, that the Circuit Judge erred in holding that the facts reduced this case to a question of enforcing specific performance of a lost contract, when he should have held that the question was, whether the deed from Hodge and wife was unconditional, or should be considered with the subsequent agreement to reconvey, so as to make one transaction—a conveyance coupled with a defeasance; that is to say, a mortgage. The two things are very distinct, and it is important, especially in reference to the question of *laches*, to distinguish them. The fundamental characteristic of a mortgage is that it is considered to be a security for a debt, and while the mortgagee has the right to secure the payment of his debt by a foreclosure of the mortgage, the mortgagor has the corresponding right to redeem the security by paying the debt. It is true that there are cases in which a deed absolute on its face will be declared to be a mortgage—not an absolute conveyance of the land, but a mere security for a debt. This cannot be done, however, unless the facts and circumstances are of such a character as to lead clearly to the conclusion that such was the intention of the parties. It is the old question whether the trans-

action is a mere sale with contract of repurchase or a mortgage. This is always largely a question of fact, each case depending on its own circumstances, subject, however, to some very general and obvious rules as guides.

Considering that this land was conveyed for a grossly inadequate price, it would not, as it seems to us, be matter of regret if the facts were such as to authorize the view that the transaction amounted to a mortgage to secure the payment of the $150 note, as a debt due by the plaintiffs to Weeks, the grantee. The Circuit Judge thought otherwise, and we must say that we concur with him. The conveyance was absolute on its face, the consideration of $150 was referred to as "paid," there was the usual warranty, the possession of the land was delivered, while a mortgagor holds the title and generally the possession. Nothing was heard of a debt due to Weeks, nor of a claim to redeem the land on the part of Hodge for over ten years, or until after the death of Weeks. We are forbidden to conclude that during the whole of that period Hodge and Weeks stood to each other in the relation of debtor and creditor, and the debt was secured by a mortgage of the land which was in the possession of Weeks.

Mr. Pomeroy says: "Whether any particular transaction amounts to a mortgage, or to a sale with a contract of repurchase, must to a large extent depend on its own special circumstances, for the question finally turns in all cases upon the real intention of the parties, as shown upon the face of the writings, or as disclosed by extrinsic evidence. A general criterion has been established by an overwhelming consensus of authorities, which furnishes a sufficient test in a great majority of cases. The practical test is, whether there is a liability, independent of the conveyance and contract of conveyance, which the grantee can enforce against the grantor. If a loan is made to the grantor at the time of the conveyance, and the continued existence of his indebtedness is evidenced by some collateral engagement given by the grantor, such as a note or bond, the case would be simple, and the transaction clearly a mortgage. * * * But if this antecedent debt is wholly satisfied and extinguished by the conveyance, so that no liability remains under any circumstances against the grantor, then there is no mortgage, since there is no

debt to be secured thereby. In such a case the surrender up by the grantee of the written evidence of the debt would be a very material circumstance," &c. 3 *Pom. Eq. Jur.*, 1195.

We cannot doubt that in this case there was no debt to be secured, and therefore there was no mortgage. The agreement to reconvey was an independent contract. Considering, then, the contract to reconvey on the conditions stated, to be independent of the deed to Weeks, was it error to refuse an order requiring it to be specifically performed? In the first place the contract was lost. We would not undertake to say that the court would not, under any circumstances, require specific performance of a lost contract; but it is established as one of the prerequisites to specific performance, that the proof of the terms of the contract must be clear, definite, and certain. As the contract is lost, and there is no copy of it, its terms must rest only on the uncertain, slippery memory of witnesses. The loss of the paper was a great misfortune to the plaintiffs, and it is difficult to understand why the matter of the loss was not stirred earlier, and in the life-time of Weeks, who could have given a new contract, or at least have acknowledged the old one lost. But, over and above this difficulty, the application for relief was delayed too long. We agree with the judge that, considering the condition of the parties, there certainly was most extraordinary negligence, which amounted to *laches*, and that the claim is stale. See *Blackwell* v. *Ryan*, 21 S. C., 124, and *Gregory* v. *Rhoden*, 24 *Id.*, 98.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.